IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANDY,[1]

      Plaintiff,

vs.

SECOND DISTRICT COURT OF THE
STATE OF NEVADA IN WASHOE COUNTY, et al.,

      Defendants.

No. CIV. S-09-0909 LKK GGH PS

ORDER TO SHOW CAUSE

      Plaintiff has filed an action premised on diversity jurisdiction, and has included mostly federal claims, together with a request to proceed in forma pauperis. The gravamen of the claim is that plaintiff, a disabled individual, purchased property and that defendants violated her rights under the Rehabilitation Act, Americans With Disabilities Act, and the Fair Housing Act ensuing from that purchase, including a previous action in Nevada state court. This court will not rule on plaintiff's request to proceed in forma pauperis, because venue of this action in this district is not proper.

\\\\\

---

[1] The complaint states that Jandy is plaintiff's full legal name.

1

1         The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

        Where an action is founded only on diversity, it may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). A court may sua sponte raise the issue of defective venue. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

        In this case, it appears that none of the fourteen defendants reside in this district, and all of them reside in Nevada. The claim arose in Reno, Nevada which is in the District of Nevada. Therefore, plaintiff's claim should have been filed in the United States District Court for the District of Nevada, sitting in Reno. Pursuant to 28 U.S.C. § 1406(a), when a case is filed laying venue in the wrong district, the Court may dismiss or, in the interest of justice, transfer the case to any district in which it could have been brought. In this case, the interest of justice does not suggest transfer to another district would be appropriate. See Big Island Yacht Sales, Inc. v. Dowty, 848 F.Supp. 131, 134 (D. Hawaii 1993); Pittman v. Garcia, 2009 WL 857617 (S.D. Cal. March 25, 2009).

\\\\\
\\\\\
\\\\\

Accordingly, IT IS HEREBY ORDERED that:

1. This court has not ruled on plaintiffs' request to proceed in forma pauperis; and

2. Plaintiff is ordered to show cause in writing within fifteen days of the filed date of this order why this case should not be dismissed without prejudice.

DATED: April 13, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Jandy0909.ven.wpd