IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANDY,[1]

   Plaintiff,      No. CIV. S-09-0909 LKK GGH PS

  vs.

SECOND DISTRICT COURT OF THE
STATE OF NEVADA IN WASHOE COUNTY, et al.,

   Defendants.     ORDER AND FINDINGS AND
               RECOMMENDATIONS

_____/

    On April 13, 2009, this court ordered plaintiff to show cause why this case should not be dismissed based on improper venue. Plaintiff filed a response which only confirms that venue in this district is improper.

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is

---

[1] The complaint states that Jandy is plaintiff's full legal name.

1

no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

Where an action is founded only on diversity, it may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

A court may sua sponte raise the issue of defective venue. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). ADA discrimination in employment claims utilize the Title VII venue provisions, 42 U.S.C. § 12117, but this is not an employment action.

The complaint, which is based on diversity jurisdiction, alleges that plaintiff, a disabled individual, purchased property and that defendants violated her rights under the Rehabilitation Act, Americans With Disabilities Act, and the Fair Housing Act ensuing from that purchase, including a previous action in Nevada state court.

None of the fourteen defendants reside in this district, and all of them reside in Nevada. The claim arose in Reno, Nevada which is in the District of Nevada. The response to the order to show cause indicates that previously plaintiff was proceeding with an action in the Nevada courts, as she claims that the Nevada courts refused to "make any effective accommodations," and they "could not even determine the merits of my case..."[2] Response at 2, 5.

---

[2] To the extent plaintiff seeks this court to review actions of state courts, it is quite possible that this court has no authority to act. A federal district court does not have jurisdiction to review errors in state court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S. Ct. 1303, 1311-1312 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415, 44 S. Ct. 149, 150 (1923). This doctrine has been limited and clarified by Noel v. Hall, 341 F.3d 1148 (9th Cir.2003) (finding that if a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction). It is further inappropriate for this district court in California to be reviewing the decisions of Nevada courts.

1    In all likelihood, the court does not have personal jurisdiction over the defendants
2 in this action, and the court is aware of no authority that the ADA or Rehabilitation Act waives
3 personal jurisdiction. However, because the facts of lack of personal jurisdiction are less clear
4 than those relating to venue, the undersigned will turn to that issue.

5    Plaintiff requests that venue be found proper in Sacramento because she lives in
6 Squaw Valley and Roseville, and due to her physical and mental disabilities, it would be easier for
7 her to travel to Sacramento. She claims that defendants will all be represented by the Nevada
8 Attorney General and therefore only one attorney will need to travel from Reno to Sacramento.

9    Plaintiff's asserted reasons may not be considered, however, as the venue statute is
10 mandatory, requiring dismissal or transfer. 28 U.S.C. § 1406(a). This court has no authority to
11 maintain venue where it is not proper, unless waived by defendants. After defendants have been
12 served, plaintiff may make a motion to transfer venue pursuant to 28 U.S.C. § 1404. In this
13 motion, the court may consider plaintiff's disability allegations.

14    Therefore, plaintiff's claim should have been filed in the United States District
15 Court for the District of Nevada, sitting in Reno. Pursuant to 28 U.S.C. § 1406(a), when a case is
16 filed laying venue in the wrong district, the Court may dismiss or, in the interest of justice,
17 transfer the case to any district in which it could have been brought. In this case, the interest of
18 justice does not suggest transfer to another district would be appropriate. See Big Island Yacht
19 Sales, Inc. v. Dowty, 848 F.Supp. 131, 134 (D. Hawaii 1993); Pittman v. Garcia, 2009 WL
20 857617 (S.D. Cal. March 25, 2009).

21    Accordingly, IT IS HEREBY ORDERED that this court has not ruled on plaintiffs'
22 request to proceed in forma pauperis.

23    For the reasons state herein, IT IS RECOMMENDED that this action be dismissed
24 without prejudice.

25    These findings and recommendations are submitted to the Honorable Lawrence K.
26 Karlton, the United States District Judge assigned to this case, pursuant to the provisions of 28

1  U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations,
2  plaintiff may file written objections with the court.  The document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
4  failure to file objections within the specified time may waive the right to appeal the District
5  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: 09/01/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH/076
Jandy0909.dis.wpd